IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13CR17 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEREMIAH BATCHELOR, III, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Jeremiah Batchelor, III, a federal inmate proceeding *pro se*, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Batchelor has responded, making this matter ripe for consideration.[1] Upon review of the record, the court concludes that Batchelor has not stated any claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

A federal grand jury charged Batchelor in a five-count indictment. Counts one through three charged Batchelor with distribution of heroin, and count four charged Batchelor with possession with the intent to distribute heroin, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Count five charged Batchelor with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 9249(c). A plea agreement was filed with the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, which was fully endorsed by Batchelor, his counsel, and the Assistant United States Attorney. The plea agreement provided that Batchelor would plead guilty to count four of the indictment. (Plea Agreement at 1, Dkt. No. 31.) The plea agreement further provided, "If this is my third or more conviction of a

---

[1] The government filed an affidavit from Batchelor's former counsel with its motion to dismiss. The court may consider a motion to dismiss submitted with additional affidavits or documents outside the pleadings as a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). Because the court does not rely on the affidavit from counsel, it will not convert the government's motion to dismiss into a motion for summary judgment.

federal or state offense consisting of the distribution of controlled substances, I understand I could be permanently ineligible for all federal benefits . . . ." (*Id.* at 10.) Finally, Batchelor agreed to waive his right to appeal and collaterally attack the judgment, with the exception that he preserved his right to file a collateral attack based on ineffective assistance of counsel.[2] (*Id.* at 8-9.)

On April 26, 2013, Batchelor pleaded guilty to count four, possession of heroin with the intent to distribute. During the guilty plea hearing, Batchelor affirmed that he understood that count four carried a maximum sentence of 20 years. (Plea Hr'g Tr. at 3, 10, ECF No. 40.) The court asked Batchelor, "Are you satisfied with the legal services your attorney has rendered you? Do you have any complaints at all to make about the way he has handled your case?" (*Id.* at 5.) Batchelor responded, "I'm satisfied." (*Id.*) Batchelor also affirmed that counsel had reviewed the plea agreement with him and that he understood what was in the plea agreement. (*Id.* at 15.) The court asked, "You've read [the plea agreement], you and your attorney have gone over it, you feel like you understand it?" (*Id.* at 19.) Batchelor responded, "Yes, sir." (*Id.*) He further affirmed that he understood that the court was not bound by any recommendation or stipulation by the parties regarding sentencing and that he would not be permitted to withdraw his guilty plea, regardless of the sentence imposed. (*Id.* at 16.) Batchelor affirmed that he was waiving his right to collaterally attack his plea and sentence. (*Id.* at 18.) The court found that Batchelor was competent and capable of entering an informed plea and that his plea was knowing and voluntary, and accepted his plea.

---

[2] The plea agreement also stated that Batchelor might be treated as a career offender by the court because of his prior criminal record,. (*Id.* at 3.) If the court determined that Batchelor was a career offender, the government agreed to recommend a sentence at the low end of the guidelines. If the court determined that Batchelor was not a career offender, then the parties agreed to "jointly recommend to the court . . . a sentence of 84 months incarceration." (*Id.* at 4.)

2

On August 30, 2013, the court conducted Batchelor's sentencing hearing, where Batchelor was present with counsel. During the sentencing hearing, the court adopted the Presentence Investigation Report ("PSR"), and the parties did not object. The PSR stated that, "having been convicted of a third or subsequent drug distribution offense, [Batchelor was] permanently ineligible for all federal benefits." (PSR at 18); *See* 21 U.S.C. § 862. The PSR proposed a total offense level of 29 and a criminal history category of VI, resulting in a guideline range of imprisonment of 151 to 188 months. (PSR at 17, ECF No. 38.) The court imposed a sentence of 132 months' imprisonment. The court also determined that Batchelor was permanently ineligible for all federal benefits pursuant to 21 U.S.C. § 862.[3] (Judgment at 7, Dkt. No. 36.) Batchelor did not appeal.

In his § 2255 motion, Batchelor claims counsel provided ineffective assistance by advising him to enter into the plea agreement when it was not to his advantage. Batchelor also claims that the court wrongfully determined that he was permanently ineligible for federal benefits. The court finds that Batchelor's motion to vacate fails and will be dismissed.

**II.**

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Batchelor bears the burden of proving grounds for a

---

[3] "Federal benefit" is defined by statute as "the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." 21 U.S.C. § 862(d)(1)(A). However, Federal benefit "does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." *Id.* at § 862(d)(1)(B).

3

collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

To establish a claim of ineffective assistance of counsel, Batchelor must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[4] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A petitioner who pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Batchelor fails to show both deficient performance and resulting prejudice as required by *Strickland.* Accordingly, the ineffective assistance of counsel claims must be dismissed.

---

[4] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. *Id.* at 697.

4

# III.

### A. Ineffective Assistance of Counsel Claims

Batchelor claims that counsel provided ineffective assistance by advising him to enter into a plea agreement that was not to his advantage. In support, Batchelor complains that the 132 month sentence imposed by the court was greater than he had bargained for and was greater than the 120 month maximum sentence he claims he could have received had he gone to trial on all charges. Batchelor also claims that counsel provided ineffective assistance by "allow[ing] the government" to place the following unfavorable terms into the plea agreement: (1) the use of relevant conduct at sentencing, including dismissed counts; (2) waiver of his right to appeal or collateral attack; and (3) waiver of his right to contest errors in the PSR.[5] None of these claims have merit.

As an initial matter, Batchelor's claims that counsel misadvised him, and that he did not understand either his potential sentence or that he was waiving his right to appeal or collateral attack, are directly contradicted by Batchelor's affirmance under oath during his Rule 11 colloquy that he was satisfied with counsel's representation, that he understood that the maximum sentence for his offense was 240 months, and that he understood he was waiving his right to appeal or collaterally attack his sentence. (Plea Hr'g Tr. at 5, 10, 18, ECF No. 40.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th

---

[5] Batchelor also contends that in his plea agreement he "waiv[ed] [the] loss of federal benefits permanently, inconsistent with the actual law under [21 U.S.C.] § 862." (Mem. in Supp. of Mot. to Dismiss at 6, Dkt. No. 46.) There is no language in the plea agreement indicating that Batchelor "waived" the loss of federal benefits. However, the plea agreement does inform him that he could be found by the court to be permanently ineligible for all federal benefits. (Plea Agreement at 10, Dkt. No. 31.) Moreover, as discussed in this opinion, Batchelor's permanent loss of federal benefits was appropriate because he had been convicted of at least three drug trafficking offenses.

5

Cir. 2005). (internal quotation marks omitted). Significantly, Batchelor asserts in his reply to the government's motion to dismiss that he, "does not seek to undo his case, nor withdraw his plea." (*Id.* at 4.) Thus, Batchelor cannot show prejudice under *Strickland*, that, "but for counsel's alleged error . . . he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59.

Further, Batchelor is mistaken regarding his potential sentence had he gone to trial.[6] Had Batchelor been convicted at trial of all charges brought against him, his guideline range would have been 210 to 262 months, significantly higher than the 132 month sentence the court imposed. (PSR at 17, ECF No. 38.) In fact, the maximum term of imprisonment for count four alone was 240 months. (Plea Agreement at 1, ECF No. 31.)

Also, it is well established that a sentencing court can use relevant conduct, even from dismissed or acquitted counts, in fashioning a sentence. *United States v. Barber*, 119 F.3d 276, 283-84 (4th Cir. 1997); *see also United States v. Lawing*, 703 F.3d 229, 242 (4th Cir. 2012) (That the jury failed to convict the defendant of possession of the firearm did not preclude the district court from finding, for sentencing purposes, that defendant in fact possessed the weapon.); *United States v. Williams*, 880 F.2d 804, 805-06 (4th Cir. 1989) (affirming use of relevant conduct from dismissed charges in determining base offense level).

Moreover, Batchelor provides no support for his claim that an appeal waiver was improperly included in the plea agreement. Indeed, such waivers are routinely included in federal plea agreements and are legal and enforceable. *See Lemaster*, 403 F.3d at 220 ("[W]e hold that a criminal defendant may waive his right to attack his conviction and sentence

---

[6] Batchelor also incorrectly asserts that the court found that he was not a career offender, but "nevertheless enhanced his sentence." (Mem. in Supp. of Mot. to Vacate at 6, Dkt. No. 46.) At sentencing, the court specifically found that Batchelor was a career offender. (Sentencing Tr. at 15, 20, Dkt. No. 48.) However, the court departed below the guidelines range by imposing the 132 month sentence.

6

collaterally, so long as the waiver is knowing and voluntary.") As stated, Batchelor affirmed that he was aware that he was waiving his right to appeal and collateral attack, except for ineffective assistance of counsel, at the guilty plea hearing.

Finally, Batchelor is incorrect in his assertion that the plea agreement waived his right to contest any errors in the PSR. Indeed, both the defendant and the United States had the opportunity to file objections to the PSR prior to the sentencing hearing, and the court asked at sentencing whether Batchelor had any objections to the PSR. (Sentencing Hr'g Tr. at 3, ECF No. 48.) Accordingly, Batchelor has failed to show that counsel provided ineffective assistance and the court will deny these claims.

### B. Denial of Federal Benefits

Batchelor claims that the court improperly denied him federal benefits. A district court may, in certain circumstances, deny federal benefits to a defendant convicted of a drug offense. *See* 21 U.S.C. § 862. However, the amount of time that a defendant may be denied federal benefits depends on whether the offense of conviction is a drug trafficking offense or a drug possession offense, as well as the number of prior convictions. *Id.* The court determined that Batchelor had a third or subsequent conviction for trafficking of controlled substances, and thus he was permanently ineligible for all federal benefits pursuant to 21 U.S.C. § 862(a). (Judgment at 7, Dkt. No. 36.) Batchelor argues that this was incorrect because his instant conviction for possession with intent to distribute was not a trafficking offense, but rather a possession offense.

As support, Batchelor cites to other circuits that have held that a conviction for possession with intent to distribute does not constitute trafficking of controlled substances within the meaning of § 862(a). *See United States v. Jacobs*, 579 F.3d 1198, 1199 (10th Cir. 2009); *United States v. Williams*, 541 F.3d 1087, 1091 (11th Cir. 2008) ("Because we conclude that

7

possession of a controlled substance with intent to distribute is a possession offense under 21 U.S.C. § 862(b), as opposed to a trafficking offense under 21 U.S.C. § 862(a), the district court erred by imposing a lifetime ban on federal benefits."); *United States v. Silva-De Hoyos*, 702 F.3d 843, 849 (5th Cir. 2012) (finding that "possession with intent to distribute is not an 'offense consisting of the distribution of controlled substances' as that phrase is used in § 862(a).").

However, Batchelor has three convictions for trafficking offenses, even excluding his instant conviction for possession with the intent to distribute.[7] Thus, Batchelor has not shown that the court erred by finding him permanently ineligible for all federal benefits.[8] Accordingly, this claim will be dismissed.

## IV.

For the reasons stated herein, the court will grant the government's motion to dismiss.

Entered: July 30, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[7] Batchelor has previous state court convictions for distribution of controlled substances as follows: (1) March 28, 2002 (selling cocaine); (2) July 7, 2004 (selling cocaine); and (3) February 19, 2008 (selling cocaine). (PSR at 8-9, 11, Dkt. No. 38.)

[8] Likewise, Batchelor has not shown that counsel provided ineffective assistance for failing to object to the PSR on the grounds that it proposed that Batchelor be found permanently ineligible for all federal benefits. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (holding that counsel's failure to raise meritless objections does not amount to ineffective assistance); *see also Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").